FRANCIS J. LOPES & another *vs.* ARNOLD PIACENTINI & another. No. 88-1336. March 9, 1990. *Contract*, Performance and breach, Sale of real estate. *Damages*, Liquidated damages, Breach of contract.

The only argument which the plaintiffs make in this appeal from a summary judgment for the defendants in the Superior Court is that there exists a genuine issue of material fact on the question whether the plaintiffs' breach of a real estate purchase and sale agreement caused the defendants any loss.

The essential facts may be stated briefly. The plaintiffs agreed to buy from the defendants a condominium unit in Boston. The purchase and sale agreement was fully executed very close to October 20, 1987. The agreement contained a mortgage contingency clause and provided that the plaintiffs would use "diligent efforts" to obtain a commitment for a mortgage loan on specified terms on or before November 25, 1987. "In no

event," the agreement further provided, "will the [plaintiffs] be deemed to have used diligent efforts to obtain such commitment unless the [plaintiffs] submit[] a complete mortgage loan application conforming to the foregoing provisions on or before October 20, 1987." If the plaintiffs could not obtain the mortgage, they could terminate the agreement and secure a refund of their $12,000 deposit by written notice to the defendants or the broker before November 25, 1987. In the event of the plaintiffs' default, the agreement provided for the defendants' retention of the deposit as liquidated damages.

The plaintiffs did not submit a mortgage loan application on or before October 20, 1987. Subsequently, the plaintiffs submitted applications to banks and mortgage companies, but in each instance the application was either denied or refused because of the plaintiffs' high debt-to-assets ratio. On November 20, 1987, the plaintiffs timely wrote to the defendants informing them of the plaintiffs' inability to obtain a mortgage, claiming the right to terminate the purchase and sale agreement, and demanding the return of the deposit. On November 25, 1987, the defendants responded and refused return of the deposit on the ground that the plaintiffs had failed to use diligent efforts to obtain a mortgage commitment. The plaintiffs' action for the return of the deposit followed.

The parties filed cross motions for summary judgment, which were considered by a Superior Court judge on the pleadings, answers to interrogatories of the plaintiffs and the defendants, and admissions (not included in the record before us) made by the parties in their briefs and in open court. The judge denied both motions without prejudice to the right of the defendants to file a similar motion after further opportunity to ascertain actual damages. In his memorandum of decision and order, the judge reasoned that there were genuine issues of fact as to (1) whether the plaintiffs' failure to apply for a mortgage commitment on or before October 20, 1987, an assumed breach of the "due diligence" requirement of the contract (an assumption with which the plaintiffs do not quarrel on appeal), caused any damage to the defendants,[1] and (2) if so, whether the amount of the liquidated damages was reasonable in light of the defendants' anticipated or actual loss.

The defendants again filed a motion for summary judgment, accompanied by affidavits addressed only to the amount of the loss in connection with the failed sale of the condominium unit to the plaintiffs and a later successful sale. A second Superior Court judge wrote a memorandum of decision and order in which he expressly incorporated that of the first judge. The second judge focused exclusively on the question of the relationship of the amount of the defendants' actual damages to the amount of

---

[1]The judge noted: "[I]t is at least doubtful (and seems highly improbable) that the financing could ever have been obtained, even if the application had been timely filed."

liquidated damages. He concluded that the amount of the liquidated damages was reasonable. Again, on appeal the plaintiffs do not question that determination.

The first judge raised factual questions at two levels. The first was whether the plaintiffs' breach had any causal connection to the defendants' loss. The second—and separate— factual issue was whether, if there was causal relationship, the liquidated damages provision of the agreement was reasonable. There was no material before the second judge bearing on the first question which was not presented to the first judge. The second judge dealt only with the reasonableness of the amount of liquidated damages. He did not consider, nor could he have, the unresolved factual issue, fairly raised before the first judge by the parties' answers to interrogatories (and perhaps by the parties' admissions in their briefs and in open court), of causal consequence. While the parties could properly define what would constitute diligence in terms of the time and manner of first pursuing mortgage financing, without a link between breach and injury, the defendants would not be entitled to damages. "The established principle of law upon which damages for breach of contract may be assessed is that the injured party shall be placed in the same position he would have been in if the contract had been performed, so far as the loss may be ascertained to have followed as a natural consequence of the breach and to have been within the contemplation of the parties as reasonable men as a probable result of the breach." *Abrams* v. *Reynolds Metals Co.*, 340 Mass. 704, 708 (1960). See *F.A. Bartlett Tree Expert Co.* v. *Hartney*, 308 Mass. 407, 411-412 (1941); *American Mechanical Corp.* v. *Union Mach. Co.*, 21 Mass. App. Ct. 97, 101 (1985). Cf. *Stabile* v. *McCarthy*, 336 Mass. 399, 406 (1957); *Sechrest* v. *Safiol*, 383 Mass. 568, 571-572 (1981); *Lynch* v. *Andrew*, 20 Mass. App. Ct. 623, 624-626, 627 (1985); *Shapiro* v. *Grinspoon*, 27 Mass. App. Ct. 596, 604 (1989).

Accordingly, the judgment is vacated, and the case is remanded to the Superior Court for further proceedings relating solely to the issue of causal connection between the plaintiffs' breach of the "due diligence" provision of the purchase and sale agreement and the defendants' loss.

*So ordered.*

*Paul W. Patten* for the plaintiffs.
*David O. Burbank* for the defendants.